UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 91-cr-06093-BLOOM

UNITED STATES OF AMERICA,

    Plaintiff,

v.

JAMES HARRISON CAMPBELL,

    Defendant.
    _____/

## ORDER DENYING MOTION TO APPOINT COUNSEL

**THIS CAUSE** is before the Court upon Defendant James Harrison Campbell's ("Defendant") Motion for Appointment of Counsel to Seek Modification of Sentence Pursuant to Retroactive Guideline Amendment, ECF No. [152] ("Motion"), filed on March 12, 2019. Plaintiff the United States of America ("Government") filed a response, ECF No. [156] ("Response"), to which Defendant filed a reply, ECF No. [157] ("Reply"). The Court has carefully reviewed the Motion, all opposing and supporting submissions, the record in this case and the applicable law, and is otherwise fully advised. For the reasons set forth below, the Motion is denied.

In the Motion, Defendant requests appointment of counsel under to 18 U.S.C. § 3006A in order to assist him in filing a motion for sentence modification pursuant to 18 U.S.C. § 3582(c)(2), arising from Amendments 782 and 788 to the Sentencing Guidelines. Defendant asserts that Amendment 782, made retroactive by Amendment 788, reduces the base offense level applicable to one of the offenses for which he was convicted. As such, he contends that he is eligible for a reduction of his sentence pursuant to § 3582(c)(2). In its Response, the Government notes that

Defendant is not entitled to appointment of counsel to file a § 3582(c)(2) motion. It contends that the Court may determine Defendant's eligibility for a sentencing reduction on its own motion. In addition, the Government would not oppose a reduction of Defendant's sentence from 152 months to 124 months of imprisonment as to Count 1 of the Superseding Indictment.

The Court, however, declines the Government's invitation to address the merits of a potential modification of Defendant's sentence because it goes beyond the relief sought in the Motion. In the Motion, Defendant has only requested the appointment of counsel to assist him in seeking a modification of his sentence, which he acknowledges in his Reply. *See* ECF No. [157] ("Campbell filed only a motion for appointment of counsel, not yet a motion in chief for modification of sentence pursuant to Guidelines amendment 782 . . . ."). And while Defendant has indicated that he would consider this issue resolved were the Court to grant a reduction in his sentence on its own motion to 124 months as suggested by the Government, a sentencing modification under § 3582(c)(2) is ultimately a matter of discretion requiring a full consideration of the relevant § 3553(a) factors. *See Dillon v. United States*, 560 U.S. 817, 826-27 (2010).

Therefore, addressing the specific relief requested in the Motion, Defendant does not have a statutory or constitutional right to counsel for purposes of a § 3582(c)(2) motion. *United States v. Webb*, 565 F.3d 789, 794-95 (11th Cir. 2009). Therefore, Defendant's request must be denied. However, Defendant may file a § 3582(c)(2) motion addressing the relevant § 3553(a) factors for the Court's consideration.

Accordingly, it is **ORDERED AND ADJUDGED** that Defendant's Motion, **ECF No. [152]**, is **DENIED**.

Case No. 91-cr-06093-BLOOM

**DONE AND ORDERED** in Chambers at Miami, Florida, on May 14, 2019.

_____
**BETH BLOOM
UNITED STATES DISTRICT JUDGE**

Copies to:

Counsel of record

James Harrison Campbell, III
Reg. No. 29124-004
Allenwood-USP
United States Penitentiary
Inmate Mail/Parcels
Post Office Box 3000
White Deer, PA 17887